WILLIAM L. MAUK (ISB #1825)
JOSEPH C. MILLER (ISB #7485)
**MAUK MILLER & BURGOYNE, LLC**
515 S. 6th Street
P.O. Box 1743
Boise, ID 83701-1743
Phone: (208) 287-8787
Fax:    (208) 287-8788
E-mail: office@idahojustice.com

Attorney for Plaintiff

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DEBORAH WESTMORELAND, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT AND DEMAND FOR |
| | ) | JURY TRIAL |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK NORTHWEST, N.A., | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW the Plaintiff, and for a causes of action against the Defendant, states, alleges and avers as follows:

### NATURE OF CLAIM

1.      This is an action for equitable and legal relief and monetary damages brought to redress the rights of the Plaintiff to freedom from discrimination on the basis of her gender and age, and to freedom from retaliation and reprisal for making, pursuing, participating in and

supporting claims for unlawful discrimination and harassment and for opposing employment practices made unlawful by federal and state law.

2.      In particular, this action arises under the following:

a.      Title VII of the Civil Rights Act of 1964, as amended (Title VII), including Section 703 which prohibits sexual discrimination 42 U.S.C. § 2000e-2(a), and Section 704(a) which prohibits reprisal and retaliatory acts, 42 U.S.C. § 2000e-3(a);

b.      The Age Discrimination in Employment Act of 1967, as amended (ADEA), including 29 U.S.C.. § 623(a) which prohibits age discrimination, and 29 U.S.C. § 623(d) which prohibits reprisal and retaliatory acts; and

c.      The Idaho Human Rights Act (IHRA), including Idaho Code, Section 67-5909 which prohibits discrimination based upon sex and age, and Idaho Code, Section 67-5911 which prohibits reprisal or retaliatory acts.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(f), the ADEA, 29 U.S.C. § 626(c), as well as 28 U.S.C. § 1331 pertaining to civil actions arising under the laws of the United States and 28 U.S.C. § 1343 pertaining to the deprivation of civil rights.

4.      Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-(f), 29 U.S.C. § 626(c) and 28 U.S.C. § 1391.

5.      The unlawful employment practices alleged herein were committed in this judicial district at the time the Plaintiff was employed and worked for the Defendant in this judicial district and the Defendant maintains its principal offices and employment records pertinent to this action in this judicial district.

## PARTIES

6.      Plaintiff, Deborah M. Westmoreland (Ms. Westmoreland), at all times pertinent hereto was an adult, female citizen of the United States and resident of the State of Idaho, over the age of 40 years, residing in Ada County, Idaho.  Plaintiff currently resides in the State of California.

7.      At the time this action accrued Plaintiff was an employee of the Defendant within the meaning of 42 U.S.C. § 2000e-(f), 29 U.S.C. § 630(f) and Idaho Code, Section 67-5902.

8.      Defendant, Wells Fargo Bank Northwest, N.A. (Wells Fargo), is now, and at all times pertinent hereto was, a national banking association formed pursuant to the laws of the United States, authorized and operating under the laws of the State of Idaho.

9.      At the time this action accrued Defendant was Plaintiff's employer within the meanings of 42 U.S.C. § 2000-e(b), 29 U.S.C. § 630(b) and Idaho Code, Section 67-5902(6).

10.      All acts attributable to the individuals named or referenced herein, including but not limited to Donald Melendez are imputed to and the legal responsibility of the Defendant by virtue of the principles of agency, the doctrine of respondeat superior, and federal and state law authorizing imputation of such responsibility.

## EXHAUSTION OF REMEDIES AND AUTHORIZATION FOR SUIT

11.      With respect to the claims and causes of action for gender and age discrimination and retaliation alleged herein, Plaintiff has exhausted all administrative remedies and complied with all conditions precedent required by applicable federal and Idaho law prior to commencement of this action.

12.      On or about February 19, 2014, Ms. Westmoreland, filed formal charges of sex (gender) and age discrimination and retaliation against Wells Fargo with the Idaho Human Rights

Commission (IHRC) and simultaneously with the United States Equal Employment Opportunity Commission (EEOC).

13.     On May 13, 2015, following Defendants' refusal to engage in mediation offered by the IHRC, Plaintiff requested dismissal of her pending charges with the IHRC and EEOC in order to pursue judicial action.

14.     On May 14, 2015 and on June 3, 2015, the IHRC and the EEOC, respectively, issued Notices of Right to Sue to Ms. Westmoreland authorizing her to file suit within 90 days of her receipt of such Notices.

## HISTORY OF EMPLOYMENT

15.     Plaintiff began working for the Defendant on January 9, 1992.

16.     During her employment with Defendant, Plaintiff received numerous promotions advancing to the position of Regional Banking Area President which she assumed on January 1, 2008.  As an Area President, she supervised banking activities generally in Southern Idaho and Eastern Oregon

17.     Throughout her employment with Defendant and continuing until late 2012 and the events of discrimination described herein, Plaintiff consistently received commendable performance evaluations from her supervisors, ranking her performance as "Consistently above all key targets" or "Significantly above all key targets" (4 or 5 on a 1-5 scale).

18.     In 2010, as a top performer she was accepted into the Defendants' Corporate Executive Mentorship Program, a select program including only approximately 25-30 team members in the entire company.

19.     In August 2012, the Regional President supervising Plaintiff was replaced by Donald Melendez who transferred to this position in Boise, Idaho from an Area President position he held in Texas and who had no prior working relationship with Plaintiff.

20.     Shortly after Mr. Melendez began as Regional President and continuing thereafter, he exhibited a pattern of discriminatory behavior toward Plaintiff and other female employees and providing more favorable treatment to typically younger male employees.

21.     As examples, but not with limitation, Mr. Melendez would belittle and humiliate Plaintiff in his exchanges with her and in front of others, ignore, interrupt and talk over her in meetings, repeatedly question actions taken by Plaintiff within the purview of her responsibilities, make unilateral decisions regarding matters that were her responsibilities without consulting or informing her and consistently behaving in an aggressive manner toward Plaintiff.

22.     This conduct was in stark contrast to Mr. Melendez's interaction with younger, male employees.

23.     On January 8, 2013 Plaintiff was subjected to unwarranted discipline in the form of an informal warning by Mr. Melendez and wrongly accused of failing to follow Wells Fargo policies and procedures when her conduct was prompt, appropriate under the circumstances and not contrary to any established policy.

24.     In or around December 2012 or January 2013, Mr. Melendez forced Plaintiff to relinquish the office she had occupied for almost two years so that it could be occupied by another male employee.

25.     In January 2013 following established company practice, an annual review was to have been conducted of Plaintiff's performance at Wells Fargo for the prior calendar year. Despite Mr. Melendez only having supervised Plaintiff only since August 2012, he prepared the review,

made no effort to obtain input from the previous Regional President, Dana Reddington, with whom Plaintiff had worked for approximately two years, downgraded Plaintiff's performance to a Level 3 and then, contrary to company policy and practice, did not provide a copy to Plaintiff until approximately November 2013.

26.    On March 8, 2013 Mr. Melendez was verbally abusive and threatening to Plaintiff, causing her to contact Mr. Melendez's supervisor, Pat Conboy, seeking her assistance, intervention and protection.

27.    Wells Fargo took no action to investigate Plaintiff's legitimate concerns and protect her from Mr. Melendez's inappropriate conduct, and because of Plaintiff's complaints Mr. Melendez subjected Plaintiff to enhanced scrutiny and reprisal.

28.    In March 2013, upon Mr. Melendez's recommendation, Wells Fargo withheld granting any stock options to Plaintiff without good or justifiable cause, in deviation from its policies and the practice of providing such benefit to Plaintiff for the ten prior years.

29.    In April 2013, many of Plaintiff's responsibilities relative to managing her division were given to younger, less qualified employees and she was required to obtain prior approvals from Mr. Melendez or his administrative assistant, Mindy Francis, before making decisions specific to her division.

30.    In May 2013, due to stress, anxiety and depression caused by Defendants' actions, Plaintiff took medical leave pursuant to the Family Medical Leave Act.   Mr. Melendez inappropriately interrogated Plaintiff as to the reason and legitimacy for such leave.

31.    While Plaintiff was out on leave, between June and August 2013, Mr. Melendez persisted in making sexist comments about and directed toward Plaintiff and other female employees of the Defendant.

32.     During this time Plaintiff began pursuing other employment opportunities within Wells Fargo that would remove her from the discriminatory conduct of Mr. Melendez.

33.     On August 5, 2013 the day she returned from leave she had arranged to travel out of Idaho to interview for a promotional opportunity within Wells Fargo.

34.     However, on this date Mr. Melendez intervened and issued a Formal Warning and Corrective Action to Plaintiff thereby sabotaging her ability to get a new position.

35.     The Formal Warning and Corrective Action given Plaintiff on August 5, 2013 was based upon untrue alleged infractions and performance criteria of which Plaintiff was never advised or warned and could not have reasonably satisfied.

36.     On August 15, 2013, Plaintiff filed a formal internal complaint with Defendants' human resource department claiming she was being discriminated against because of her gender and age, and in retaliation for asserting her protected rights and opposing Mr. Melendez's discriminatory conduct

37.     The inquiry conducted by a Wells Fargo human resource specialist found that two of the four reasons given for Plaintiff's Formal Warning and Corrective Action were either false or not substantiated and Mr. Melendez was directed to remove them; however, in retaliation Mr. Melendez failed or refused to remove them until after Plaintiff ceased to be Area President.

38.     The specialist's report also made eight recommendations of things that Mr. Melendez should do, but still failed to find any discrimination or retaliation.

39.     The Formal Warning stated that the next step in the process would likely be the termination of Plaintiff's employment unless Plaintiff satisfied unachievable "goals" of the Corrective Action plan.

40.     Mr. Melendez repeatedly failed and refused to cooperate in Plaintiff's efforts to clarify and meet the Corrective Action plan.

41.     Therefore, in order to avoid her inevitable involuntary termination Plaintiff was faced with no other reasonable choice but to seek alternative employment to salvage her 22 year career of employment with Wells Fargo.

42.     On October 1, 2013, Plaintiff was constructively demoted and forced to accept a position as a Community Banking District Manager in Redwood City, California, leaving her family in Boise.

43.     Since this demotion, Plaintiff has gone through several position changes in California necessary to protect and preserve her career; however, given the cost and disruption of having to maintain separate residence in California, with only periodic visits with her husband and minor child, it is unlikely that Plaintiff can reasonably continue this arrangement and will suffer further disruption of her career.

44.     Wells Fargo replaced Plaintiff as Area President with a much younger, male (under the age of 40) by the name of Robert Falco.  In so doing, Defendant discriminated against Plaintiff as well as other more qualified and senior personnel both female and over the age of 40.

45.     Prior to and since Plaintiff's constructive demotion, Wells Fargo and Mr. Melendez in particular, have engaged in a persistent pattern of hiring and promoting mostly younger males and continuing to discriminate against females and others protected against age discrimination.

46.     After Plaintiff filed her charge of discrimination and retaliation with the IHRC and EEOC, someone at Wells Fargo (believed to be Mr. Melendez or with his knowledge and/or direction) intentionally deleted Plaintiff's internal email folders, held in her 3-year retention files with documents and information specific and relevant to her complaints.

## **INCORPORATION**

47.    Plaintiff hereby alleges and incorporated all of the foregoing allegations and averments in Paragraphs 1-47, in each and every cause of action stated herein.

## COUNT ONE

### (Sexual Discrimination)

48.     The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Melendez with the knowledge, support and/or consent of others in the administrative hierarchy of Wells Fargo.

49.     All of the decisions and actions taken against Plaintiff and other female employees by Defendant described here were motivated in whole or substantial part by their female gender, with the discriminatory intent and effect of depriving Plaintiff and other female employees of equal treatment provided to similarly situated male employees.

50.     The conduct of Mr. Melendez in particular toward Plaintiff and other female employees had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of other females similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all female employees within Mr. Melendez's area of responsibility, including Plaintiff.

51.     Despite being aware and advised of Plaintiff's complaints and those of other female employees, Wells Fargo failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff and others.

52.     Regardless of Wells Fargo's actual or implied knowledge of this discriminatory, harassing and essentially retaliatory conduct, given the position and duties of those perpetuating such wrongs, Wells Fargo is, as a matter of law, strictly liable.

53.     As the direct and proximate cause of the wrongful discriminatory conduct described herein, Plaintiff has suffered and will in the future continue to suffer injury and loss as more particularly described herein below.

## COUNT TWO

### (Age Discrimination)

54.     At all times addressed herein, Plaintiff was over the age of 40 and subject and entitled to the protections of federal and state law which prohibits discrimination based on her age.

55.     The disparate discriminatory treatment of Plaintiff by Defendant arises from a series of cumulative events and actions, perpetrated or directed largely by Mr. Melendez with the knowledge, support and/or consent of others in the administrative hierarchy of Wells Fargo.

56.     All of the decisions and actions taken against Plaintiff and other employees over the age of 40 by Defendant described here were motivated in whole or substantial part by their age gender, with the discriminatory intent and effect of depriving Plaintiff and other aged employees of equal treatment provided to similarly situated younger employees.

57.     The conduct of Mr. Melendez in particular toward Plaintiff and other employees over the age of 40 had the purpose and effect of unreasonably interfering with Plaintiff's work performance and that of aged employees similarly situated, and further created and fostered and intimidating, hostile, unwelcome and offensive work environment for all aged employees within Mr. Melendez's area of responsibility, including Plaintiff.

58.     Despite being aware and advised of Plaintiff's complaints and those of other female employees, Wells Fargo failed to take immediate and appropriate action to cause cessation of or otherwise circumscribe the discriminatory and harassing conduct against Plaintiff and others.

## COUNT III

### (Retaliation)

59.     Regardless of Wells Fargo's actual or implied knowledge of this discriminatory, harassing and essentially retaliatory conduct, given the position and duties of those perpetuating such wrongs, Wells Fargo is, as a matter of law, strictly liable.

60.     As the direct and proximate cause of the wrongful discriminatory conduct described herein, Plaintiff has suffered and will in the future continue to suffer injury and loss as more particularly described herein below.

61.     Federal and state law, including specifically 42 U.S.C. § 200e-3(a), 29 U.S.C. § 623(d) and Idaho Code, Section 67-5911, prohibit any form of reprisal or retaliation by employers and their agents against employees who exercise their rights to oppose discrimination and/or to seek protection under the laws which prohibit gender or age discrimination.

62.     Plaintiff availed herself or the protection and application of these laws by, among other things, objecting to and opposing the discriminatory conduct of the Defendant and by registering and pursuing her complaints of discrimination internally with Wells Fargo and externally with the IHRC and EEOC.

63.     Such objections, opposition and complaints by Plaintiff were made in good faith with a reasonable belief that Defendants' conduct was unlawful.

64.     As a result, Defendant retaliated and took reprisal against her, as addressed herein, in violation of the all aforesaid laws.

65.     As the direct and proximate cause of such retaliatory conduct, Plaintiff has suffered and will in the future continue to suffer injury and loss more particularly described herein below.

## DAMAGES

66.     The following allegations, Paragraphs 66 through 73, are incorporated by reference as part of each count, claim and cause of action stated in this Complaint and any amendment to the Complaint.

67.     As the direct and proximate cause of Defendants' discriminatory, harassing, retaliatory and other unlawful conduct, Plaintiff has suffered, and unless and until this Court grants relief, will continue to suffer the loss of substantial income, benefits and other monetary damage, general damage in the form of humiliation, mental anguish and loss to her professional reputation and career, and other losses, tangible and intangible, economic and compensatory, in an amount to be proven and determined at trial for which she seeks full recovery, all and part.

68.     Among other things, Plaintiff seeks all recoveries and relief as allowed by law for the following:

a.      Constructive demotion and loss of her employment as Area president with Defendant;

b.      Back pay;

c.      Reinstatement to her former position an Area President;

d.      Front pay and future income loss in lieu of reinstatement;

e.      Lost employment benefits of every character;

f.      Emotional distress, anxiety and mental anguish;

g.      Loss of reputation;

h.      Disruption of her career; and

i.      Incidental and consequential losses.

69.     The conduct of the Defendant as described herein was willful, intentional, knowing, malicious, reckless, and in extreme deviation from appropriate and acceptable standards, thereby entitling Plaintiff to awards of exemplary, punitive and liquidated damages as are allowed by law.

70.     To the extent required by Idaho Code, Section 6-1604 or other applicable law, Plaintiff reserves her right to amend this Complaint to add a prayer for punitive damages.

## EQUITABLE RELIEF

71.     The facts and circumstances giving rise to this action, and the conduct which is threatened to occur in the future justifies this Court granting appropriate equitable relief, as allowed by law, including pursuant to 42 U.S.C. § 2000e-5(g), 29 U.S.C. § 626(b) and Idaho Code, Section 67-5908(1).

72.     In certain respects, Plaintiff has not plain, adequate or complete remedy at law to redress the wrongs alleged herein, particularly the damage done to her career, and this action, insofar as it seeks injunctive relief, is the only means of securing full and adequate relief.

## ATTORNEY FEES AND COSTS

73.     As a consequence of the complaints, causes and claims stated herein Plaintiff has been required to retain the law firm of Mauk Miller & Burgoyne and has incurred and will incur costs and reasonable attorney fees related thereto, for which she is entitled to a separate award of reimbursement pursuant to Section 706 of Title VII, 42 U.S.C. Section 2000e-5(k), 29 U.S.C. § 626(b), the Civil Right Attorney Fees Award Act of 1976, 42 U.S.C. Section 198, Rule 54 Fed. R. Civ. P., and other comparable provisions of the laws of the Untiled States and the State of Idaho affording such awards.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against PRS awarding the following relief:

A.      For reinstatement to her former position of employment as Area President with Wells Fargo or to the position she likely would have held had she not been subjected to unlawful discrimination and retaliation, or to a position comparable in stature, status, salary, benefits, advancement opportunities and other incidents of employment.

B.      For all her actual economic losses and damages, past and future, direct, incidental and consequential, including but not limited to back pay, front pay, income loss and benefit loss in the amount of $300,000.00, or such greater amount as shall be proven at trial;

C.      For general and compensatory losses and damage in the amount of $200,000.00, or such greater amount as shall be proven at trial;

D.      For additional equitable relief, including ordering the Defendant to take affirmative action, as this Court deems appropriate based upon the proof at trial or at a proper post-judgment hearing regarding such relief;

E.      For an award of all costs and reasonable attorney fees incurred in the prosecution of this action and in all preliminary and administrative proceedings related thereto; and

F.      For such other and further relief as this Court deems just and equitable in the premises.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial by a jury of twelve persons on all counts, claims and causes of action triable by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this _10th_ day of August, 2015.


MAUK MILLER & BURGOYNE, LLC


William L. Mauk, of the Firm
Attorneys for Plaintiff